UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENWORTH SCARLETT,<br><br>                      Plaintiff,<br><br>           -against-<br><br>BRONX SUPREME COURT; JUDGE DUFFY; DANIELLE FIGUEROA; APPELLATE COURT,<br><br>                      Defendants. | 15-CV-3426 (LAP)<br><br>ORDER OF DISMISSAL |

LORETTA A. PRESKA, Chief United States District Judge:

   Plaintiff, who is currently detained in the Kirby Forensic Hospital, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. Plaintiff filed his complaint on April 22, 2015, and filed an amended complaint on June 18, 2015. By order dated July 2, 2015, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses Plaintiff's action.

## STANDARD OF REVIEW

   The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Named as Defendants are the Bronx Supreme Court; Judge Duffy; Danielle Figueroa, Plaintiff's criminal defense attorney; and the Appellate Court. Although Plaintiff's claims are not entirely clear, the Court infers the following facts from the allegations contained in his complaint and amended complaint.[1]

Plaintiff's claims arise out of his prosecution for attempted murder in the Supreme Court of the State of New York, Bronx County, which was presided over by Defendant Judge Colleen Duffy. (Compl. at 8.) Plaintiff was found not responsible by reason of mental disease or defect, under N.Y. C.P.L. § 220.15, and was committed to the custody of Kirby Forensic Hospital. (*Id.*) Plaintiff alleges:

> On March 18, 2013, I was at a hearing for a [illegible], which I gave to lawyer Danielle Figueroa [sic] told her I was not [competent] at hearing with Judge Alvarado or lawyer Rivera…Attorney general got rid of both judge and lawyer, new trial. Judge Alvarado and lawyer falsified a hearing felt pressure moot…and lawyer Scheppes 917-862-3740 found me incompetent with Dr. [illegible] before Judge Alvarado broke me 5th Amendment to fair trial[.] Lawyer Rivera said I wouldn't beat trial entrapment arrest no evidence first Mrs. Lee let me [illegible] guilty by not going to grand jury lawyer Rivera force me into [illegible].

(*Id.* at 3.) Plaintiff does not reiterate these allegations in his amended complaint. Instead, he states "my father always came to court…and my motion were filed through attorney. My appeal was won to new attorney…" (Am. Compl. at 2.) In his original complaint, Plaintiff requests damages, "release on entrapment arrest," and for the date of his

---

[1] An amended complaint will usually completely replace an original complaint. Because Plaintiff's original complaint contains more factual allegations than his amended complaint, however, the Court will consider both to obtain a better understanding of his claims.

admission to be credited. (Compl. at 5.) In his amended complaint, Plaintiff asks that the Court release him and order a new trial.[2] (Am. Compl. at 6.)

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). For the reasons described below, Plaintiff's § 1983 claims cannot proceed against Defendants.

**A.     Defendants Bronx Supreme Court and Appellate Court**

Plaintiff's claims against the Bronx Supreme Court and the Appellate Court must be dismissed under the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to

---

[2] To the extent that Plaintiff is seeking to challenge the validity of a plea of not guilty by reason of mental disease or defect or obtain release from custody, he may not do so in a civil action under § 1983, but must bring a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Plaintiff's previous § 2254 petition was dismissed without prejudice because Plaintiff had not fully exhausted his state court remedies before bringing that action. *See Scarlett v. Warden of Rikers Island Facility*, No. 15-CV-2338 (LAP) (S.D.C.Y. Aug. 22, 2014). If Plaintiff now wishes to challenge his custody and he has fully exhausted his state court remedies, he may do so by filing a petition under § 2254 and naming the warden of the facility where he is being held as a respondent. Plaintiff should note that under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, there exists a one-year statute of limitations for a person in state custody to bring a petition in federal court for a writ of *habeas corpus*. *See* 28 U.S.C. § 2244(d). A petitioner will have only one opportunity within the limitations period for a full adjudication of his claims under § 2254.

suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's claims against the Bronx Supreme Court and Appellate Court are therefore dismissed. *See Madden v. Vermont Supreme Court,* 8 F. App'x 128, 129, 2001 WL 533604 (2d Cir. May 17, 2001) (affirming dismissal of *pro se* plaintiff's claim against the state Supreme Court as barred by the Eleventh Amendment); *see also Saint-Fleur v. City of New York,* No. 99-CV-10433, 2000 WL 280328, at *2 (S.D.N.Y. Mar. 14, 2000) ("State courts, as arms of the State, are entitled to Eleventh Amendment immunity from suit in federal court.").

**B.      Defendant Judge Duffy**

Plaintiff's claims against Judge Duffy must also be dismissed. Judges are absolutely immune from suit for damages for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Absolute immunity protects judges for their judicial acts, even when such acts "are alleged to have been done maliciously or corruptly." *Gotbetter v. Wendt*, 371 F. App'x 165, 166 (2d Cir. 2010) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . " *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Because Plaintiff's allegations against Judge Duffy appear to relate to actions that she took during his criminal prosecution, Plaintiff's claim against Judge Duffy must be dismissed under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Defendant Danielle Figueroa

Plaintiff's claim against Defendant Figueroa must be dismissed for failure to state a claim on which relief may be granted. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute, *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendant Figueroa is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against her under § 1983.

### D. Leave to Amend

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint and amended complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required.

*Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii). Plaintiff's application for the Court to request *pro bono* counsel (ECF No. 7) is therefore denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 3, 2015
         New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge